IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

STEPHEN SNUFFER,

          Plaintiff,

v.                                           CIVIL ACTION NO.   5:14-cv-25899

GREAT LAKES EDUCATIONAL
LOAN SERVICES, INC.,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendant Great Lakes Educational Loan Services, Inc.'s Motion for Summary Judgment* (Document 26), *Defendant Great Lakes Educational Loan Services, Inc.'s Memorandum in Support of the Motion for Summary Judgment* (Document 27), the Plaintiff's *Response in Opposition to Defendant's Motion for Summary Judgment* (Document 32), and the Defendant's *Reply in Support of Defendant Great Lakes Educational Loan Services, Inc.'s Motion for Summary Judgment* (Document 33).   In addition, the Court has reviewed all attached exhibits. For the reasons stated herein, the Court finds that the Defendant's motion for summary judgment should be granted.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Stephen Snuffer initiated this action in the Circuit Court of Raleigh County, West Virginia, on August 13, 2014.   He alleged violations of the West Virginia Consumer Credit Protection Act (WVCCPA), violation of the West Virginia Computer Crimes and Abuse Act, violation of the Telephone Harassment Statute, intentional infliction of emotional distress, and

common law invasion of privacy. Defendant Great Lakes Educational Loan Services, Inc., removed this action to federal court on September 17, 2014, asserting that it serviced Mr. Snuffer's federal student loans in its capacity as a federal contractor and that it had colorable federal defenses.

The Plaintiff filed a motion to remand on October 16, 2014, which the Court denied. (*See* Document 16.) The Defendant filed a motion to dismiss for failure to state a claim on October 17, 2014. The Court dismissed Count III, alleging violation of the telephone harassment statute. (*See* Document 17.) The Plaintiff indicates in his response to the Defendant's motion for summary judgment that he will voluntarily dismiss Count IV, alleging intentional infliction of emotional distress. Thus, the remaining counts allege violations of the WVCCPA, violations of the Computer Crimes and Abuse Act, and invasion of privacy.

Mr. Snuffer obtained federal student loans in 1993 and again in 2013.[1] The loans had a combined total of $24,585, with an additional $7,955 in unallocated consolidation loans. (NSLDS Loan History at 1, att'd as Def.'s Ex. C) (Document 26-3.) Great Lakes serviced his loan under a contract with the federal government. Mr. Snuffer began to struggle with bills, including his student loans, due to health issues. (S. Snuffer Depo. at 25::2–18; 28::1–5, att'd as Def's Ex. B) (Document 26-2.) He sought to have his student loans discharged due to his disability. As of July 19, 2013, the loans were in delinquent status. (NSLDS Loan History at 2.) Mr. Snuffer began receiving calls about his debts from Great Lakes, as well as other creditors. (S. Snuffer Depo. at 25:23–27:2.) Mr. Snuffer stated that he asked Great Lakes to stop calling him and provided it with attorney information, though Great Lakes disputes receiving contact

---

1 The loan summary indicates that the money for the loan was dispersed in 2012. (Loan History, at 2, att'd as Def. Ex. C) (Document 26-3.)

information for an attorney. (*Id.* at 28::3–6.) He recalled that the callers from Great Lakes were generally polite. (*Id.* at 37:14.)

The call logs reflect that Great Lakes called Mr. Snuffer thirteen times between August 9, 2013, and August 7, 2014. Three of those calls resulted in brief conversations; others either left automated answering machine messages or were not answered. (Def. Disc. Resp. at 3, att'd as Def.'s Ex. E; Call Log, att'd as Def.'s Ex. F) (Documents 26-5 and 32-1.) The first two calls were placed in August of 2013, one of which resulted in a conversation in which Mr. Snuffer told the caller that he believed the account was forgiven because of his disability, then hung up. No further calls were placed until June 26, 2014, when a message was left. Additional messages were left on July 2, 2014, and July 8, 2014. On July 11, 2014, and July 14, 2014, calls were placed, but the answering machine was bypassed. Another message was left on July 17, 2014. Mr. Snuffer spoke to a caller on July 22, 2014, and asked to be taken off of the call list. A message was left on July 25, 2014. Calls were placed, but the answering machine was bypassed on July 30, 2014, and on August 4, 2014. On August 7, 2014, Mr. Snuffer again spoke with a Great Lakes agent and stated that he should be on a no-call list.

Great Lakes also sent Mr. Snuffer monthly billing statements and additional letters with information regarding his delinquency and repayment options. (Letters, att'd as Pl.'s Ex. 2) (Document 32-2.) During the time period in which Mr. Snuffer received calls from Great Lakes, he also received approximately 1,000 calls from other creditors. (S. Snuffer Depo. at 42::9-10.)

Great Lakes filed its motion for summary judgment on October 5, 2015. Mr. Snuffer filed his response on October 19, 2015. Great Lakes filed its reply on October 26, 2015. The motion is fully briefed for the Court's consideration and ruling.

3

**STANDARD OF REVIEW**

The well-established standard for consideration of a motion for summary judgment is that summary judgment should be granted if the record, including the pleadings and other filings, discovery material, depositions, and affidavits, "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). A "material fact" is a fact that could affect the outcome of the case. *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013).

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23. When determining whether summary judgment is appropriate, a court must view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party. *Hoschar*, 739 F.3d at 169. However, the nonmoving party must satisfy its burden of showing a genuine factual dispute by offering more than "[m]ere speculation" or a "scintilla of evidence" in support of its position. *Anderson*, 477 U.S. at 252; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson*, 477 U.S. at

4

250. On the other hand, if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

## DISCUSSION

Great Lakes argues, as it did in a motion to dismiss, that Mr. Snuffer's claims are preempted by the Higher Education Act (HEA) and Department of Education (ED) regulations governing federal student loans. It asserts that it "engaged in required communications relating to Mr. Snuffer's delinquent loan and did not engage in any illicit or other impermissible activity during collections." (Def.'s Mem. in Supp. of Summ. J. at 4.) Great Lakes stresses that, even if the evidence established that Mr. Snuffer had provided attorney contact information, ED regulations require direct contact with the borrower. (*Id.* at 11.) Should the Court find that Mr. Snuffer's claims are not preempted, Great Lakes asserts that his claims nonetheless fail on the merits because the evidence does not support essential elements of each claim.

Mr. Snuffer argues in response that preemption does not apply, citing 31 U.S.C. §3718(a)(2)(B), which provides that entities that contract to provide debt collection services to government agencies are subject to federal and state law related to debt collection. (Pl.'s Resp. at 2.) He further argues that "Great Lakes went well beyond the [ED] guidelines and engaged in a course of harassment and abuse that violates West Virginia law." (*Id.* at 3.) He contends that Great Lakes continued to call him after he had requested that they communicate only with his

attorney and place him on a do not call list, and argues that doing so violated the WVCCPA and the Computer Crimes and Abuse Act and constitutes an invasion of his privacy.

Great Lakes argues in reply that "the HEA and its supporting regulations are specifically directed at communications relating to student loans" and "set forth specific and exacting requirements" for such communications. (Def. Reply at 2.) It contends that the evidence demonstrates that it made required communications and did not engage in extraneous or abusive collection activity. Even absent preemption, Great Lakes argues that no reasonable jury could find that its thirteen calls, made during standard daytime and early evening hours, were oppressive or indicative of an intent to harass Mr. Snuffer.

The Court considered whether the HEA preempts the WVCCPA and other state laws in ruling on Great Lakes' motion to dismiss, and concluded "the WVCCPA is preempted only where conflicting statutory language, regulations, or HEA objectives exist." (Mem. Op. at 7.)[2] The Court noted that "[i]n addition to the preempted claims regarding direct contact after Great Lakes was informed that he had retained counsel, Mr. Snuffer alleges that Great Lakes used threats or coercion…" (*Id.* at 8.) Thus, the Court has already found that the WVCCPA is preempted by the HEA and ED regulations to the extent the WVCCPA bars direct contact with borrowers who have informed their student loan servicing companies that they are represented by counsel. At the motion to dismiss stage, it remained to be seen whether the evidence would support allegations that Great Lakes went beyond the communications required by the HEA and ED regulations to use threats, to call continuously or at inconvenient times, or otherwise violate the WVCCPA.

---

2 The Court's reasoning and review of the applicable case law with respect to preemption is contained in its *Memorandum Opinion and Order* (Document 17) on the motion to dismiss.

Mr. Snuffer has made no such showing. The evidence indicates that Great Lakes made a total of thirteen telephone calls, eleven of which occurred within a six week period. Only three[3] of the calls resulted in contact with Mr. Snuffer. The calls were at least three days apart. None were at unconventional hours. Mr. Snuffer did not recall the callers being impolite.

ED regulations require loan servicing companies to make "at least four diligent efforts to contact the borrower by telephone and send at least four collection letters" when a loan is 16 to 180 days delinquent. 34 C.F.R. § 682.411(d). When the loan is between 181 and 270 days delinquent, "the lender must engage in efforts to urge the borrower to make the required payments on the loan." *Id.* § 682.411(e). A "diligent effort" to make telephone contact includes, as relevant, either successfully contacting the borrower or at least two unsuccessful attempts. *Id.* § 682.411(m)(1). ED has issued a letter providing guidance to loan servicers, specifically stating that contacts with a borrower's attorney do not satisfy obligations to contact the borrower, and the regulations do not suggest that contacts may be with individuals other than the borrower.[4] (Def.'s Mem. in Supp. of Summ. J. at 14.)

Great Lakes made only a handful of calls beyond the bare minimum required by regulation. Further, the regulations and guidance include directives requiring that information regarding repayments options and the consequences of defaulting, for example, be conveyed to the debtor. 34 C.F.R. § 682.411. A finding that state law prohibits the loan servicer from continuing to

---

[3] Great Lakes states in its briefing that four calls resulted in conversations; the Court counted only three calls for which the call logs indicate a conversation took place. An additional telephone call would not impact the outcome of the case.

[4] The regulations related to loan discharge for total and permanent disability do permit contact with a representative or attorney. 34 C.F.R. § 682.402(c)(1)(iv)(A). Those regulations further provide for a 120 day cessation of collection activities after the borrower notifies the Secretary of the Department of Education of his intent to apply for loan discharge. However, Mr. Snuffer has produced no evidence related to the timing of any such notification or the submission of his loan discharge application.

attempt to reach a debtor who rarely answers his phone in order to convey that information would conflict with the purposes and objectives of the HEA and its accompanying regulations. Likewise, the written materials produced in this case appear to be billing statements and other information required by the HEA and ED regulations.

The same telephone calls and letters form the basis of the Plaintiff's claims for violations of the WVCCPA, the Computer Crime and Abuse Act, and common law invasion of privacy. Because the Court has found that Great Lakes was acting within the requirements of the HEA and its accompanying regulations in making those calls and sending those letters, the Court must find the Plaintiff's claims preempted. Mr. Snuffer has not met his burden of producing evidence that would permit a jury to find that Great Lakes went beyond the requirements, purposes, and objectives of the HEA and its regulations in contacting him regarding his student loan debt. Because the Court has found that the HEA and its regulations preempt state law with respect to Mr. Snuffer's claims, the Court makes no findings as to whether sufficient evidence has been presented to permit those claims to go forward absent preemption.[5] The Court finds that Great Lakes is entitled to summary judgment, and its motion must be granted.

## CONCLUSION

Wherefore, following thorough review and careful consideration, the Court **ORDERS** that *Defendant Great Lakes Educational Loan Services, Inc.'s Motion for Summary Judgment*

---

5 The Court does note, however, that the strength of the claim under state law is somewhat tied to the issue of preemption: where the relatively small number of calls in this case serve the requirements and objectives of the HEA, hundreds or thousands of calls would be more likely to be considered oppressive under the WVCCPA and correspondingly less likely to be within the scope of the federal regulations.

(Document 26) be **GRANTED**. The Court further **ORDERS** that any pending motions be **TERMINATED AS MOOT** and that this matter be **STRICKEN** from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Memorandum Opinion and Order to counsel of record and to any unrepresented party.

ENTER: January 13, 2016

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA